IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FELIX ROBERT SUAREZ AND JOYCE SUAREZ, | § § § | |
| Plaintiff, | § § | Civil Action No. 5:20-cv-00078 |
| v. | § § § | |
| MACKIE WOLF ZIENTZ & MANN, P.C., U.S. BANK, NA, AS TRUSTEE OF CVI LCF MORTGAGE LOAN TRUST, SHELLPOINT MORTGAGE SERVICING, ROB VALDESPINO, TRUSTEES, | § § § § § § § § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendants Shellpoint Mortgage Servicing ("Shellpoint") and U.S. Bank Trust National Association, as Trustee of CVI LCF Mortgage Loan Trust I[1] ("U.S. Bank" and together with Shellpoint as "Defendants") file this notice of the removal of this action from the 408th Judicial District Court of Bexar County, Texas. Defendants submit this Notice in support of its removal. Removal is based on diversity jurisdiction. Defendants respectfully show as follows:

### INTRODUCTION

1.   On January, Plaintiff filed their *Application for Temporary Restraining Order, Temporary Injunction, Permanent Injunction and Request for Disclosures* (the "Petition") on January 6, 2020, bearing Cause No. 2020-CI-00290 in the 408th Judicial District Court of Bexar County, Texas, styled *Felix Robert Suarez and Joyce Suarez v. Mackie Wolf Zientz & Mann,*

---

[1] Improperly pleaded as U.S. Bank, NA, as Trustee of CVI LCF Mortgage Loan Trust.

*P.C., et al.* (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, are attached hereto within the contents of Exhibit B.

2.      The allegations in the Petition relate to a deed of trust and foreclosure proceedings on the real property and improvements located at 1252 Clower St., San Antonio, TX 78201, more particularly described as:

> LOT TWO (2), BLOCK ONE HUNDRED ONE (101) LOS ANGELES HEIGHTS ADDITION, NEW CITY BLOCK SEVENTY-ONE HUNDRED SIXTY-FOUR (7164) RECORDED IN VOLUME 105, PAGE 84 OF BEXAR COUNTY DEED AND PLAT RECORDS.

(the "Property"). (*See* Petition at ¶7). Plaintiffs' suit is the third suit that has been filed to stop foreclosure. (Exh. C.) The last suit was filed by Plaintiff Felix Robert Suarez and resulted in a dismissal of his claims with prejudice and the court issuing a final judgment granting U.S. Bank's counterclaim for foreclosure. (Exh. C-1.) In this suit, Plaintiffs fail to allege any cause of action against Defendants, but seek a temporary restraining order prohibiting foreclosure because they have a contract to sell the Property. (*See* Petition at ¶7.)

3.      This Notice of Removal is timely because thirty (30) days have not expired since the suit has been filed, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4.      This action is removable to federal court pursuant to diversity jurisdiction conferred by 28 U.S.C. Section 1332.

### BASIS FOR REMOVAL – DIVERSITY JURISDICTION

A.      **There is complete diversity among the properly joined parties.**

5.      Removal of the State Court Action to this Court is also proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of

$75,000.00 exclusive of interest, costs, and attorneys' fees.

6. Plaintiff is an individual and citizen of the state of Texas (*See* Petition at ¶7).

7. U.S. Bank is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank's main office is in Delaware. Therefore, U.S. Bank is a citizen of Delaware for diversity purposes.

8. Shellpoint Mortgage Servicing is an assumed name for NewRez LLC, a limited liability company whose citizenship is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of NewRez LLC d/b/a Shellpoint is Shellpoint Partners LLC. The members of Shellpoint Partners LLC are NRM Acquisition, LLC and NRM Acquisition II, LLC. The sole member of both NRM Acquisition, LLC and NRM Acquisition II, LLC is New Residential Mortgage, LLC. New Residential Mortgage, LLC's sole member is New Residential Investment Corp., a Delaware Corporation with its principal place of business in New York. Therefore, Shellpoint is a citizen of Delaware and New York for diversity purposes.

9. Plaintiffs also sue Defendants Mackie Wolf Zientz & Mann, P.C. ("MWZM") and Rob Valdespino, Trustee ("Valdespino"), both of whom have neither been served nor made

an appearance in the State Court Action, and no returns of service are on file. Therefore, their consent is not required for removal. *McCrary v. Kansas City S. Ry. Co.*, 121 F. Supp. 2d 566, 570 (E.D. Tex. 2000) ("[A] defendant who has not been properly served need not consent to the notice of removal.")

10. Furthermore, consent of MWZM and Rob Valdespino is not required because, as shown below, they have been improperly joined. *See Vasquez v. Wal-Mart Associates, Inc.*, No. 3:11-cv-2739-G, 2012 WL 2715691, at *2 (N.D. Tex. July 9, 2012) ("a removing defendant is not required to obtain the consent of any defendant who has been improperly joined")(citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

**B. Improper Joinder.**

12. The doctrine of improper joinder entitles a defendant to remove to federal court if an in-state defendant is improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder occurs when the plaintiff is unable to establish a cause of action against the non-diverse defendant. (*Id.*)

13. Smallwood recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (internal citations omitted). In this case, only the second implication of improper joinder is an issue. The removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "This possibility [of recovery], however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Deen Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).

14. In determining whether there is a reasonable basis to predict whether the plaintiff might recover against the in-state defendant, courts often utilize a Rule 12(b)(6) analysis. Rule 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 1949–50. A complaint states a "plausible claim for relief when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986).

15. In their Petition, Plaintiffs fail to make any allegations against MWZM and Valdespino or seek any relief against them other than in their role as foreclosure counsel and substitute trustee, respectively. (*See* Petition.) But both are improperly joined in such capacities.

16. MWZM is improperly joined as foreclosure counsel. MWZM's role in the allegations in this this suit is in its capacity as counsel for Defendants U.S. Bank and Shellpoint. (Exhibit C.) In June 2015, the Texas Supreme Court unequivocally held that an attorney is immune from civil liability to non-clients when the attorney is acting within the scope of his or her representation. *Cantey Hanger, LLP v. Byrd*, 467 S.W. 3d 477, 481 (Tex. 2015). District courts in this Circuit have followed the *Cantey Hanger* holding in finding improper joinder of bank counsel or in granting summary judgments in favor of bank counsel. *McGee v. CTX Mortg. Co., LLC*, 2015 U.S. Dist. LEXIS 154850, *4 (N.D. Tex. Nov. 16, 2015); *Smith v. Bank of Am.*

*Corp.*, 2016 U.S. Dist. LEXIS 81, *18 (W.D. Tex. Jan. 4, 2016); *Williamson v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 74059, *5 (E.D. Tex. Apr. 28, 2016).

17. Because MWZM has been named in this suit as counsel for U.S. Bank and Shellpoint, and Plaintiffs fail to allege that MWZM took any actions outside of the scope of its representation as foreclosure counsel, Plaintiffs have failed to state a claim against MWZM. As such, MWZM has been improperly joined and MWZM's citizenship must be disregarded for purposes of diversity jurisdiction. *See Guillory v. PPG Indus.*, 434 F.3d 303, 308, 313 (5th Cir. 2005).

18. Further, Valdespino is improperly joined in this suit as its alleged role as substitute trustee. (*See* generally, Petition.) (identifying Valdespino as "trustee".) Substitute trustees are considered nominal parties whose presence are disregarded for determining diversity. *Zavala v. M & T Trust Co.*, SA-11-CV-956-XR, 2011 WL 6739614, *2 (W.D. Tex. Dec. 22, 2011) (citing *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 465–66, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). As in *Zavala*, Plaintiff does not allege any facts that suggest that a claim is being asserted directly against MWZM based on any alleged misconduct. *See id*.

19. Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure. *Id*. (*citing* TEX. PROP. CODE § 51.007.) Thus, Valdespino is not a necessary party for Plaintiffs to obtain the relief they seek, and his presence must be disregarded for purposes of determining diversity. *See id*. at *2-3 (citing *Marsh*, 760 F.Supp.2d at 709; *Gregory v. S. Tex. Lumber Co.*, 216 S.W. 420, 421 (Tex. Civ. App.—San Antonio 1919, writ dism'd w.o.j.) (substitute trustee is a nominal party in foreclosure)).

20. Because the only properly joined defendants do not share a state citizenship with Plaintiffs and because MWZM's and Valdespino's citizenships can be ignored, there is complete diversity of citizenship.

B. **The amount in controversy exceeds $75,000.00.**

21. When declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.* 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

22. "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.'" *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted).

23. Plaintiffs seek injunctive relief prohibiting Defendants from foreclosing on the Property. (*See* Petition at Prayer). Therefore, through the request for injunctive relief, they have put an amount in controversy equal to the value of the Property. The Bexar County Central Appraisal District most recent valuation of the Property shows a total assessed value of the

Property at $99,370.00. (*See* Exhibits C, C-2). For this reason alone, the amount in controversy exceeds $75,000.00.

**VENUE**

24. Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 408th Judicial District Court of Bexar County, Texas, the forum in which the removed action was pending.

**NOTICE**

25. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 408th Judicial District Court of Bexar County, Texas.

26. The contents of Exhibit B constitute the entire file of Cause No. 2020-CI-00290 in the 408th Judicial District Court of Bexar County, Texas.

**CONCLUSION**

For the reasons described above, U.S. Bank respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: */s/ Mark D. Cronwnwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**PHILIP W. DANAHER**
Texas Bar No. 24078395
pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANTS U.S. BANK, N.A., AS TRUSTEE AND SHELLPOINT MORTGAGE SERVICING, LLC**

## List of all Counsel of Record

For Plaintiff:

Victor M. Maas, Esq.
Texas Bar No. 24037007
3201 Cherry Ridge Street, Suite C300
San Antonio, TX 78230

For Defendant:

Mark D. Cronenwett
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com
Philip W. Danaher
Texas Bar No. 24078395
pdanaher@mwzmlaw.com
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650 Telephone
(214) 635-2686 Facsimile

## INDEX OF DOCUMENTS ATTACHED

Exhibit A    Docket Sheet for Cause No. 2020-CI-00290 in the 408th Judicial District Court of Bexar County, Texas;

Exhibit B    Pleadings in Cause No. 2020-CI-00290 in the 408th Judicial District Court of Bexar County, Texas;

    B-1    Plaintiff's Application for Temporary Restraining Order, filed January 06, 2020;

    B-2    Temporary Restraining Order Non-Jury Setting, issued January 07, 2020;

Exhibit C    Declaration of Philip W. Danaher; and

    C-1    Final Judgement Granted and Entered, filed November 25, 2019.

    C-2    Data Sheet from the Bexar County, Texas Appraisal District web-site on January 17, 2019.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on January 21, 2020 as stated below on the following:

**Via ECF and regular mail:**
Victor M. Maas, Esq.
3201 Cherry Ridge Street, Suite C300
San Antonio, TX 78230
*Counsel for Plaintiff*


       */s/ Mark D. Cronwnwett*
       **MARK D. CRONENWETT**